```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MONTY P. MILBOURNE, | Civil Action No. 20-8264 |
| Plaintiff, | **OPINION** |
| v. | |
| CUMBERLAND COUNTY DEPARTMENT OF CORRECTIONS, et al., | |
| Defendant. | |

**APPEARANCES:**

Monty P. Milbourne
46305
Cumberland County Department of Corrections
54 West Broad St.
Bridgeton, NJ 08302
     Plaintiff Pro se

**HILLMAN, District Judge**

This matter is presently before the Court upon receipt of Plaintiff's motions for a preliminary injunction. Plaintiff's application were first filed on the docket as letters to the Court (ECF Nos. 14 & 15) and subsequently docketed as motions. (ECF Nos. 17 & 18). For the reasons set forth below, Plaintiff's Motions for Preliminary Injunction will be denied.

BACKGROUND

Plaintiff has filed suit against the Cumberland County Department of Corrections ("Defendant Cumberland") and Richard Smith ("Defendant Smith") (collectively, the "Defendants").

1

Plaintiff is currently in the custody of the Cumberland County Jail. See (ECF No. 1 "Compl." ¶1). Plaintiff alleges he was in direct contact with officers at the Cumberland County Jail who tested positive for COVID-19. (Compl. ¶¶1-2). Plaintiff contends Defendants Cumberland and Smith failed to follow proper guidance and protocol directions of the CDC, Department of Health, Governor Murphy, and President Trump. (Comp. ¶¶4-8).

There is a related class action before this Court, Archie v. Smith, No. 20-7907 (the "Archie class action"), which seeks only injunctive relief on behalf of "all persons confined or to be confined in the Cumberland County Department of Corrections." The Archie class action is focused on the Cumberland County Department of Corrections' actions and inactions during the COVID-19 pandemic.

## DISCUSSION

### A.   Subject Matter Jurisdiction

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

### B.   Preliminary Injunction Standard

A request for injunctive relief in the prison context must be "viewed with considerable caution." Rush v. Corr. Med. Servs., Inc., 287 F. App'x 142, 144 (3d Cir. 2008). A party seeking the extraordinary remedy of preliminary injunctive relief must show: "(1) a likelihood of success on the merits;

2

(2) that it will suffer irreparable harm if injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004).  "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." Rush, 287 F. App'x at 144.

   C.     **Analysis**

Here, Plaintiff seeks the following injunctive relief: "immediate release of the plaintiff-petitioners and proposed class members who has or have been subject to direct contact with anyone with COVID-19" and who "test positive and have underlying health issues" (2) "to get proper adequate medical relief from their own doctor or physician;" and (3) for the prison "to exercise social distancing correctly by CDC guidelines."  (ECF No. 14 at 4; ECF No. 15 at 3).

There are two fundamental issues with Plaintiff's Motions for Preliminary Injunction that each individually require this Court to deny the Motions.  First, this Court finds Plaintiff's Motions for Preliminary Injunction are deficient because they do not include any explanation as to why Plaintiff is entitled to a preliminary injunction. See Lane v. New Jersey, No. 16-8948, 2017 WL 6390960, at *1 (D.N.J. Apr. 6, 2017) ("Plaintiff did not

3

submit a brief and therefore offers no argument or legal support whatsoever as to why the preliminary injunction elements are satisfied. The Court sees no basis to provide emergent relief under these circumstances."); see also Campbell v. Nelson, No. 17-4183, 2019 WL 3297145, at *3 (D.N.J. July 23, 2019) (citing Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017) ("[Plaintiff] does not attach a supporting brief and his Amended Complaint does not address the requirements to obtain a preliminary injunction.  As such, his Motion will be denied[.]")).

Second, and more importantly, Plaintiff is currently a member of a proposed class in the Archie class action, which seeks injunctive relief on behalf of "all persons confined or to be confined in the Cumberland County Department of Corrections." The Archie class action is focused on the Cumberland County Department of Corrections' actions and inactions during the COVID-19 pandemic.  Plaintiff has not opted out of the Archie class action and "[c]ourts have barred individual suits for injunctive and equitable relief from allegedly unconstitutional prison conditions where there is an existing class action." Young v. Kelly, No. 88-0511, 1993 WL 7539, at *1 (S.D.N.Y. Jan. 14, 2013); see also Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (quoting Gillespie v. Crawford, 858 F.2d 1101 (5th Cir.1988) ("Individual prisoners cannot pursue suits for

4

'equitable relief within the subject matter of the class action.'")); Stewart v. Asuncion, No. 16-5872, 2016 WL 8735720, at *2 (C.D. Cal. Oct. 26, 2016) (quoting Gilliam v. Frances, No. 14-5716, 2015 WL 5895770, at *8 (C.D. Cal. Aug. 26, 2015) ("A plaintiff who is a member of a class action for equitable relief concerning prison conditions may not maintain an individual suit for equitable relief arising from the same issues in the class action.")).

The injunctive relief Plaintiff seeks is equitable relief within the subject matter of the Archie class action, which focuses on Cumberland County Department of Corrections' actions and inactions during the COVID-19 pandemic. This is evident through the Motions for Preliminary Injunction themselves, which seek injunctive relief for "plaintiff-petitioner and proposed class members." (ECF No. 14 at 4); see also (ECF No. 15 at 3) (explaining "the plaintiff and class member asks for relief"). Accordingly, this Court must deny Plaintiff's Motions for Preliminary Injunction.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction will be denied. An appropriate Order will be entered.

Date:　December 14, 2020　　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　　NOEL L. HILLMAN, U.S.D.J.